Per Curiam.

There is no rule at law for ascertaining possible damages; the principle is absolutely unknown in the history of our jurisprudence. A court of equity will in some cases, where a subsequent right is certain or probable, order indemnity to be given, and make that a condition of their decretal orders; but a court of law possesses no such *171 power. In a case, however, like the present, they thought that it would be clogging public sales, made by operation of law, exceedingly, to lay down any such rule, even if the common law would admit of it. These sales are made by operation of law, in which the will and consent of the defendants are never consulted. They are forced upon them, whether they assent or dissent to or from them, and it is their right, whatever that may be, more or less, that is sold by the sheriff, who is a public officer of justice. There is no warranty in law, either express or implied, raised on any of the parties concerned in such a sale; neither on the part of the former owner, the defendant, nor the sheriff, who is the mere organ of the law for transferring the right of the defendant. Caveat emptor, under those circumstances, is the best possible rule that can be laid down or adopted. Every man who goes to a sheriff’s sale, ought to take care and examine into the title of the defendant carefully before he attempts to bid; and that is one reason, among many, why property is in general sold so much under its real value at these sales. The case of Mrs. Blake, relied upon, had no bearing on or analogy to the present one ; that was an action brought on a special agreement, for the consideration money of a tract or lot of land sold at private sale, in which case legal conveyances were tendered, and the claim of dower went by consent of parties to the jury, to be deducted at once from the consideration money. It was a kind of compromise between the parties, and not fixed by any rule of law ; therefore, can never be urged as a precedent, in a case like the one now under consideration of the court.
The rule was, therefore, made absolute on the sheriff, to bring the money into court, or to resell without delay, at the risk of the purchaser.
Present, Burke, Grimke and Bay.